# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA *ex rel.* DIXIE SWITZER, et al.,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>ROBERT C. WOOD, II, et al.,<br><br>　　　　Defendant(s). | Case No. 2:23-cv-00999-ART-NJK<br><br>**Order**<br><br>[Docket No. 119] |

　　　　Pending before the Court is a joint proposed discovery plan seeking special scheduling review. Docket No. 119. The parties seek a lengthy discovery period, which appears to be premised in part on an assumption that discovery will not proceed until after a (potentially) forthcoming motion to dismiss has been decided. *See id.* at 2-3.[1] For example, the proposed schedule does not require initial disclosures be exchanged for several months until after a proposed hearing date on the motion to dismiss. *Id.* at 3.[2] The law is settled that discovery is not automatically stayed pending resolution of a motion to dismiss. *E.g.*, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) (citing *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995)). No showing has been made that a stay of discovery is warranted.

---

[1] Although the fact that this case would be transferred has been known for two months, *see* Docket No. 105, the parties are seeking another month for the filing of an amended complaint narrowed to the issues pertinent to Nevada, Docket No. 119 at 3. No explanation is provided as to why three months would be necessary to narrow a complaint. Indeed, the similar process in the Central District was done within 21 days. *See* Docket No. 105 at 12; *see also* Docket No. 106.

[2] In this District, parties do not notice their motions for a specific hearing date. In the event the Court determines that a hearing is warranted, *see* Local Rule 78-1, the Court will set a hearing date based on its availability. The Court recognizes that this case has been transferred in from federal court in California, which has different procedures. *See* C.D. Cal. L.R. 6-1; *see also* Docket No. 109. The local rules and procedures of this District now govern this case.

1

Moreover and significantly, the presumptively reasonable discovery period in this District is 180 days from a defendant's first appearance. *See* Local Rule 26-1(a). In this case, the parties seek more than 180 days for discovery even measured from a proposed hearing date on the potential motion to dismiss. *See* Docket No. 119 at 3. Other than a reference to a desire for experts to review a completed record of fact discovery, which would be the preference in many cases, no explanation is provided for the extraordinary discovery period sought.[3]

Accordingly, the joint proposed discovery plan is **DENIED** without prejudice. The parties must submit a revised discovery plan by August 3, 2023.

IT IS SO ORDERED.

Dated: July 27, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The discovery plan expresses a desire to avoid a conflict with the schedule for the portion for the case remaining in the Central District. *See* Docket No. 119 at 3. Insufficient elaboration is provided.