ROGER W. WENTHE
ROGER WENTHE, PLLC
Nevada Bar No. 8920
2831 St. Rose Pkwy. # 200
Henderson, NV 89052
Telephone: (712) 971-0541
Roger.Wenthe@gmail.com

GRACE Y. PARK (*pro hac vice*)
gpark@cpmlegal.com
JEFFREY G. MUDD (*pro hac vice*)
jmudd@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
2716 Ocean Park Blvd., Suite 3088
Santa Monica, California 90405
Telephone: (310) 392-2008
Facsimile: (310) 392-0111

*Attorneys for Relators*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TED SWITZER and DIXIE SWITZER and STATE OF CALIFORNIA *ex rel.* TED SWITZER and DIXIE SWITZER;<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>ROBERT C. WOOD, II; *et al.*;<br><br>　　　　Defendants. | CASE NO. 2:23-cv-00999-ART-NJK<br><br>STIPULATION FOR ENTRY OF CONFIDENTIALITY PROTECTIVE ORDER |

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any other purpose other than prosecuting this litigation may be warranted, including, but not limited to, confidential health information regarding non-parties. Pursuant to FRCP 26(c)(1), it is hereby stipulated and agreed by the undersigned counsel for each of the parties to this action that, in order to preserve and maintain the confidentiality of certain documents that contain confidential, proprietary, or private information and/or other documents or information which may be sensitive, the following Confidentiality Protective Order shall be entered by the Court.

Dated:  January 23, 2024          **COTCHETT, PITRE & McCARTHY LLP**

By:   */s/ Grace Y. Park*
      GRACE Y. PARK
      JEFFREY G. MUDD
      *Attorneys for Relators*

Dated:  January 23, 2024          **FOLEY & LARDNER LLP**

By:   */s/ Thomas F. Carlucci*
      THOMAS F. CARLUCCI
      *Attorney for Defendants Thomas Dunn, M.D.,*
      *Archie Perry, M.D., TDSW, LLC, and Kainalu,*
      *LLC*

## CONFIDENTIALITY PROTECTIVE ORDER

Pursuant to the foregoing stipulation of the parties, it is hereby ordered as follows:

1.  Documents and information to be provided and/or exchanged by Relators and Defendants, that are claimed to contain confidential information, including copies thereof and information contained in such material, shall hereafter be referred to as "Protected Documents" and marked as "Confidential - Subject to Protective Order," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2.  A list identifying Protected Documents will be provided to all parties and updated as necessary. The list itself will be considered a Protected Document.

3.  As used in this Order, the term "documents" means all written material, videos and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

4.  The designated Protected Documents and copies shall be marked by placing the notice "Confidential - Subject to Protective Order," or similar notice, on the document and all copies.

5.  To preserve the formatting/presentation of certain data, certain documents will be produced in their native format. These documents, produced in native format, will not be individually stamped or labeled. Instead, a party may designate the material produced as confidential by including "Confidential – Subject to Protective Order" on the placeholder image file.

6.  Protected Documents and any copies thereof received pursuant to this Order shall be maintained confidential, shall be used only for preparation for the trial and prosecution of this lawsuit, and maybe disclosed only to (a) Relators; (b) Attorneys for Relators and their paralegal and clerical staffs, and ( c) Experts and consultants retained or individuals consulted by Relators or their attorneys for assistance in trial preparation or for testimony ("Recipients"), provided that no disclosure shall be made to any expert or consultant who is employed by a competitor to Defendants.

7.      Pursuant to Federal Rule of Evidence 502(d), in the event of disclosure (including production) of Protected Documents that contain legally privileged information that a party or nonparty later claims was inadvertently disclosed, including, but not limited to, the attorney-client privilege or work product doctrine, this agreement shall not constitute a waiver of the protections afforded the inadvertent disclosure of legally privileged information, attorney-client privilege, attorney work product, or other grounds which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e). The Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that this agreement, or the disclosure of Protected Documents under it, waives a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege because the disclosure:

(a)  was not inadvertent by the Producing Party;

(b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c)  that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d)  that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

8.      Disclosure shall be made to Recipients only as necessary for the prosecution of the lawsuit and only after the Recipient has been informed of the terms of this Order and has agreed

to be bound by it. Before Protected Documents are disclosed to anyone, the intended Recipient shall be first presented with a copy of this Order, and after reading it and agreeing to be bound by its terms, sign the attached form of "Written Assurance," attached as Exhibit A (hereinafter "Assurance"). Assurances signed by experts shall be provided to counsel for Defendants when experts are disclosed. Assurances signed by consultants, whether or not they are retained by the Relators, shall be retained by Relators counsel for as long as they retain their file after termination of the case. Protected Documents shall not be disclosed to any person or in any manner not specified in this Order. Further, Protected Documents shall not be used for any purpose other than the prosecution of this lawsuit.

9.      Persons having knowledge of Confidential Material and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion of summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

10.      ~~If any party wishes to file Protected documents with the Court for any reason that party shall comply with FRCP 26(c) and file redacted copies of the documents as necessary. The party wishing to file Protected Documents must provide all counsel with written notice that the records and other documents lodged will be placed in the public Court file unless a timely motion or application to seal the records under FRCP 26(c)(l)(H) is filed. Within ten (10)~~ See order issued concurrently herewith ~~notification, parties may file a motion or application for an Order sealing the Protected Pending determination of the motion or application, the lodged document(s) will be conditionally under seal. Until such time as the Court issues an Order sealing the Protected Documents, the original party seeking to use the documents may only refer the Court to the redacted versions. Upon granting of an order sealing the record, the document(s) will be sealed and labeled by the Court clerk according to FRCP 26(c)(1)(H).~~

//

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

11.     Protected Documents may be referred to by a party in notices, motions, briefs or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such documents or information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court pursuant to the provisions of paragraph above.

12.     ~~If, at the time of trial, a party intends to introduce into evidence any Protected Documents, it shall, pursuant to FRCP 26(c)(l)(H), lodge the documents with the Court, file redacted copies of the documents and provide all counsel with written notice. The original party seeking to use the documents shall then have the burden to obtain a ruling regarding se~~ See order issued concurrently herewith ~~records under FRCP 26. Until a determination is made by the Court, the documents shal with the Court conditionally under seal. In any event, a party intending to introduce Protected Documents must allow (20) days to address the issues of preserving confidentiality with the Court.~~

13.     Recipients of Protected Documents are, either by virtue of direct application of the Order or by virtue of the execution of the Assurance referred to in paragraph 7 above, bound by the terms and restrictions of this Order and are subject to the jurisdiction of this Court for the purpose of enforcing the terms of this Order.

14.  A party may, after meeting and conferring, file a request to modify this protective order.  Unless and until such request is granted by the Court, the terms of this order continue to govern.

15.     This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

16.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within (30) days of termination of this lawsuit, by judgment, settlement or voluntary dismissal, the Relators' counsel, and any recipients of Protected

Documents, shall return to Defendant's counsel all such documents received under this Order, including all copies, prints, summaries and other reproductions of such information; however, counsel for the Relators may keep an index of the documents for as long as they retain their file after termination of the case. Recipients shall return the Protected Documents along with a signed "Confirmation of Return of Protected Documents," attached as Exhibit B ("Confirmation"). The Confirmation shall be signed under penalty of perjury by the recipient. The Confirmation shall also be signed by counsel for Relators acknowledging that all documents provided by said counsel to the Recipient have been returned to counsel for Defendants in accordance with this paragraph. However, any information designated in accordance with this Order that becomes part of a record on appeal shall be returned pursuant to this paragraph after all appeals have been exhausted.

17. It shall be the responsibility of counsel for the Relators to act to preserve the confidentiality of Protected Documents. Said counsel shall undertake all steps necessary to preserve the confidentiality of such documents and information, including but not limited to: (1) monitoring the release of Protected Documents to Recipients and by Recipients; (2) Obtaining the Assurances described in paragraph 7 above; and the confirmation described in paragraph 15, above; and (3) Providing the Assurances and confirmations to counsel for Wal-Mart in accordance with paragraphs 7 and 15, respectively, above.

18. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as a Protected Documents, or requests information contained in a Protected Document, the Receiving Party shall promptly object to producing the Protected Documents on the grounds of the existence of this Protective Order; and give prompt written notice by hand or facsimile transmission within five (5) business days of receipt of such Demand to the party or non-party who produced the Protected Documents. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with and serves such order

upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand was provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

19.     In the event additional parties join or intervene m this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

20.     The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

## <u>ORDER</u>

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**


**DATED:** January 24, 2024

**EXHIBIT A**

**WRITTEN ASSURANCE**

STATE OF _____

COUNTY OF _____

I, _____ , hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Protective Order of _____ 2023, in *USA, et al. v. Robert C. Wood, II, et al.,* Case No. 2:23-cv-00999-ART-NJK. I have been given and read both Stipulation for Entry of Confidentiality Protective Order; Protective Order ("Protective Order") itself and I understand their terms. I agree that I shall not disclose to others, except in accordance with the Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of Court, imposed by the court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court, District of Nevada, in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____
Signature of Declarant

Subscribed and sworn to before me this __ day of _____, 2024.

_____
Notary Public

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

## ACKNOWLEDGEMENT OF COUNSEL

I am an attorney licensed to practice in the State of _____. I hereby acknowledge receipt, from the declarant identified above, of all documents provided to said declarant by me or my office. Further, I hereby acknowledge delivering all documents received from the declarant to counsel for Defendants immediately upon termination of the above-captioned lawsuit in compliance with paragraph 13 of the Stipulation for Entry of Confidentiality Protective Order and Protective Order between Relators and Defendants.


_____
Signature of Counsel


Dated this ___ day of _____, 2024.